IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL RAY FERGUSON,<br>#02219372,<br>　　　　Petitioner, | §<br>§<br>§<br>§ | |
| v. | § | No. 3:22-cv-00580-L (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, | §<br>§ | |
| 　　　　Respondent. | §<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Michael Ray Ferguson, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge for findings and a recommendation, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DISMISS Ferguson's petition.

## I.    Background

Ferguson pleaded guilty to possession of over 400 grams of methamphetamine with the intent to deliver in the Navarro County Court at Law in Navarro County, Texas. *See Texas v. Ferguson*, Case No. C37620. On August 27, 2018, the Court sentenced him to 75 years' imprisonment.

The Tenth Court of Appeals of Texas affirmed the trial court's judgment, *see Ferguson v. Texas*, No. 37620-CR (Tex. App.—Navarro 2020, pet. ref'd), and the Texas Court of Criminal Appeals (CCA) refused Ferguson's petition for discretionary review (PDR), *see Ferguson v. State*, PDR No. 0784-20 (Tex. Crim.

App. 2020). Thereafter, Ferguson filed a state application for a writ of habeas corpus, and the trial court issued findings of fact and conclusions of law recommending that relief be denied. On February 9, 2022, the CCA denied Ferguson's state habeas application without a written order.

Ferguson then filed this § 2254 petition (ECF No. 3), in which he argues:

(1)  His trial attorney provided ineffective assistance of counsel when he failed to advise him of plea offers; and

(2)  The prosecutors used "false information," Pet. 6 (ECF No. 3), to increase his punishment.

The Director filed a response, arguing Ferguson's petition is meritless and should be denied and dismissed with prejudice. Ferguson filed a reply. His claims are fully-briefed and ripe for determination.

## II. Legal Standards and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, provides:

(d)  An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U. S. C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to

that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

The federal habeas court must presume a state court's factual determinations are correct and can find those factual determinations unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Ford v. Davis*, 910 F.3d 232, 234 (5th Cir. 2018). A federal habeas court "may not characterize these state-court factual determinations as unreasonable 'merely because [it] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain*, 576 U.S. 305, 313-14 (2015) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)). "Instead, § 2254(d)(2) requires that [a federal court] accord the state trial court substantial deference." *Id.* at 314. The demanding standard under the AEDPA falls short of imposing a complete bar on federal court re-litigation of claims rejected in a state court proceeding. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

1. Ferguson has failed to demonstrate his trial attorney provided ineffective assistance of counsel.

Ferguson argues his trial attorney provided ineffective assistance of counsel when he failed to advise him about the prosecution's plea offers. Pet. 6 (ECF No.

3

3); *see also* Reply 1 (ECF No. 15). Specifically, he contends his trial attorney "failed to appear" at his first court appearance on September 1, 2017, and the "substitute counsel" did not provide him with any legal advice or an opportunity to accept the plea offer from the State for 35 years. Pet. 6 (ECF No. 3). Ferguson further contends the "substitute counsel" advised him that "her only duty was to re-set." *Id.*

To succeed on a claim of ineffective assistance of counsel, a petitioner must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 689. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Murray v. Maggio*, 736 F.2d 279, 281-82 (5th Cir. 1984); *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). Additionally, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove prejudice, the court need not address the question of counsel's performance. *Id.* at 697. Merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

"[T]he test for federal habeas purposes is not whether [an inmate] made that showing [required by *Strickland*]. Instead, the test is whether the state court's decision—that [the inmate] did not make the *Strickland*-showing—was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his [ineffective assistance of counsel] claim." *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003); *Charles v. Thaler*, 629 F.3d 494, 501 (5th Cir. 2011) (citing *Schaetzle*, 343 F.3d at 444); *see also* 28 U.S.C. § 2254(d)(1). When the state court has adjudicated the claims on the merits, a federal court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *See Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

The Sixth Amendment right to effective assistance of counsel extends to the negotiation and consideration of plea offers, and effective counsel is "a right that extends to the plea bargain process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012); *Missouri v. Frye*, 566 U.S. 134, 144-45 (2012). "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 566 U.S. at 145. A petitioner must prove "that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court

(i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 566 U.S. at 164.

In his state habeas application, Ferguson also argued that his trial attorney "failed to advise [him] of [the] plea offers." State Habeas Ct. R. -01 (ECF No. 14-23) at 34; *see also* State Habeas Ct. R. -01 (ECF No. 14-23) at 86 (designated as an "amended petition"). In opposition to this argument, Ferguson's trial attorney provided an Affidavit to the state habeas court. State Habeas Ct. R. -01 Supp. (ECF No. 14-28) at 5-7.

Ultimately, the state habeas court rejected Ferguson's claim that he was not informed of the State's plea offers. The state habeas court found:

> 1.  Applicant's Counsel was not ineffective by failing to inform Applicant of the plea bargain. Applicant's counsel did inform him of the plea offers he received[,] and they were declined by Applicant. Applicant had several occasions to inform the court he wished to accept the offer and on at least two occasions stated in writing to the court he did not wish to accept them at that time.

State Habeas Ct. R. -01 Supp. 2 (ECF No. 14-29) at 6-7; *see also* State Habeas Ct. R. -01 "Action Taken" sheet (ECF No. 14-24) (the state habeas application was denied without a written order on February 9, 2022).

The state habeas court's finding that Ferguson's attorney was not ineffective by failing to inform him of the plea bargain involved a credibility determination. The state habeas court concluded, "Applicant's allegations lack credibility based on the documents and testimony[.]" State Habeas Ct. R. -01 Supp. 2 (ECF No. 14-29)

at 6. In support of its credibility determination, the state habeas court noted that Ferguson "was given at least four occasions to voice his desire to plead guilty and accept the State's offer," but he failed to do so. *Id.* at 5-7 (citing conferences held on October 10, 2017, December 21, 2017, March 29, 2018, and May 7, 2018). In addition, the state habeas court found Ferguson signed a statement on two occasions that indicated he did not wish to accept the State's plea offer. *Id.* at 7. Based on this evidence, the state habeas court found Ferguson's trial attorney informed him of a 45-year plea deal from the State, and Ferguson rejected it. State Habeas Ct. R. -01 Supp. 2 (ECF No. 14-29) at 5. Based on these findings, the state habeas court ultimately determined Ferguson failed to show his attorney provided ineffective assistance of counsel by failing to advise him of the plea offers. *Id.* at 6.

This Court must presume that the state habeas court's findings are correct. Considering the findings and conclusions of the state habeas court, and given its ultimate decision to deny relief, Ferguson cannot show that this decision was objectively unreasonable. *See* 28 U.S.C. § 2254(d) (finding relief under § 2254 is not warranted on a claim addressed on the merits by the state court unless the decision was unreasonable); *see also Sumner v. Mata*, 449 U.S. 539, 546 (1981) (noting the deference afforded under § 2254(d) applies to cases where a state court has made "a determination after a hearing on the merits of a factual issue"). Due to this deference, a federal habeas court must more than just disagree with the state court before rejecting its factual determinations. Rather, a federal habeas court must determine that the state court's findings were not supported by the record. *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983).

In support of this ineffective assistance argument before the state habeas court, Ferguson explained, "[t]he only reason [he] [was] even aware of the 35[-]year plea offer is because he overheard the D.A. instructing the court reporter to document that an offer of 35 years was made at [the September of 2017] court appearance." State Habeas Ct. R. -01 (ECF No. 14-23) at 34. However, this allegation is not legally sufficient for him to meet his burden. *See* 28 U.S.C. § 2254(e)(1) ("The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."); *see also Ford*, 910 F.3d at 234. Rather, Ferguson must come forward with clear and convincing evidence. *See Miller-El v. Cockrell*, 537 U.S. 322, 341 ("The clear and convincing evidence standard is found in § 2254(e)(1), but that section pertains only to state-court determinations of factual issues, rather than decisions."); *see also Richards v. Quarterman*, 566 F.3d 553, 563 (5th Cir. 2009) (Section 2254(e)(1)'s presumption of correctness applies to a state court's credibility findings as well as factual determinations) (citing *Valdez v. Cockrell*, 274 F.3d 941, 951 (5th Cir. 2001) ("[A] full and fair hearing is not a precondition to according § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review.")). For these reasons, Ferguson has failed to overcome the state court's finding that his trial attorney informed him of the State's plea offers. And he has failed to demonstrate his trial attorney provided deficient performance under *Strickland*.

Likewise, Ferguson cannot show prejudice under *Strickland*. The record shows Ferguson repeatedly rejected the State's plea offers. And as discussed,

Ferguson was allegedly only aware of the 35-year plea deal when "he overhead the D.A. instructing the court reporter" to document it in September 2017. State Habeas Ct. R. -01 (ECF No. 14-23) at 34. However, in September 2017, Ferguson pleaded not guilty, and again in October 2017, he pleaded not guilty. State Habeas Ct. R. -01 (ECF No. 14-23) at 4 (Criminal Docket Sheet), 64 (October 10, 2017). Ferguson then rejected a plea deal in December 2017. State Habeas Ct. R. -01 (ECF No. 14-23) at 4 (Criminal Docket Sheet), 64 (October 10, 2017), 66 (December 21, 2017). The state habeas court determined that he declined the State's 45-year plea offer without consideration because he insisted his traffic stop was illegal. State Habeas Ct. R. -01 Supp. 2 (ECF No. 14-29) at 5 (stating "[a]pplicant's attorney informed him of a plea offer of 45 years which he gave no consideration to and persisted in the allegations the stop was illegal"); State Habeas Ct. R. -01 Supp. (ECF No. 14-28) at 6 (stating Ferguson "gave **no consideration**" to the idea of 45-year plea deal). Ferguson now blames his trial attorney for the situation he is presently in and suggests he "was inclined to accept a plea offer." Pet. 11 (ECF No. 3). But he cannot overcome the state habeas court's credibility and factual findings with his bare statement that he was "inclined to accept" the State's "plea offer." *Id.* And Ferguson cannot demonstrate prejudice under *Strickland* because he has not shown that but for his trial attorney's failure to present him with the State's plea offers, there is a reasonable probability that if presented with the plea offer, he would have accepted it, the State would not have withdrawn it, the trial court would have accepted its terms, and his conviction or sentence, or both, would have been less severe than under the judgment and sentence that were imposed. *See Lafler,*

566 U.S. at 164; *see also Missouri*, 566 U.S. at 147 (To show prejudice, a defendant "must demonstrate a reasonable probability that they would have accepted the earlier plea offer had they been afforded effective assistance of counsel"). Ferguson has failed to show prejudice from his trial attorney's alleged failure to advise him of a plea offer he allegedly only knew about when he overheard the District Attorney talking about it. State Habeas Ct. R. -01 (ECF No. 14-23) at 34.

In sum, the state habeas properly found Ferguson's claim failed under *Strickland* because he failed to show either deficient performance or prejudice. *See Busby v. Dretke*, 359 F.3d 708, 717 (5th Cir. 2004) (the clearly established federal law governing an ineffective assistance of counsel claim is found in *Strickland*, 466 U.S. at 668). Because the state habeas court's rejection of this claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, Ferguson is not entitled to relief on this claim. *See Brown v. Payton*, 544 U.S. 133, 141 (2005); *see also Williams*, 529 U.S. at 380-84. The Court should dismiss this claim.

2. Ferguson's prosecutorial misconduct claim is not cognizable.

Next, Ferguson argues that "Navarro County prosecutors are using false information to increase the petitioners [sic] punishment." Pet. 6 (ECF No. 3); *see also* Reply 1-2 (ECF No. 15). Specifically, he contends that the prosecutors are "claiming" he has a "prior drug conviction," but "[t]his is not true." Pet. 6 (ECF No. 3).

Federal habeas courts do not sit to re-examine state court determinations on questions of state law. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *see also Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). "Under § 2254, federal habeas courts sit to review state court applications of *federal* law. A federal court lacks authority to rule that a state court incorrectly interpreted its own law." *Charles v. Thaler*, 629 F.3d 494, 500-01 (5th Cir. 2011). Federal habeas corpus relief is proper only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); *see also Engle v. Isaac*, 456 U.S. 107, 119 (1982) (to the extent only a state issue is raised, there is no deprivation of federal rights and no grounds for habeas relief). Infirmities in state habeas corpus proceedings do not give rise to a legal basis for federal habeas relief. *See Brown v. Dretke*, 419 F.3d 365, 378 (5th Cir. 2005) ("infirmities in state habeas proceedings are not grounds for federal habeas relief"); *see also Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004) ("It is axiomatic that infirmities in state habeas proceedings do not constitute grounds for federal habeas relief.") (internal quotation marks omitted).

Ferguson is attacking Navarro County's statement in a brief filed in his state habeas proceedings. The brief stated that Ferguson "had a prior drug conviction." Pet. 6, 17 (ECF No. 3); State Habeas Ct. R. -01 (ECF No. 14-23) at 58. And his criminal history includes aggravated robbery with a deadly weapon, violence, weapons, stealing, lying, burglary, drug distribution, and guns. Reporter's R. Vol. 2 (ECF No. 14-15) at 154. This claim is not cognizable under § 2254, and the Court should dismiss it.

3. <u>Ferguson has failed to meet his burden under the AEDPA.</u>

Last, Ferguson fails to meet his burden of proof under the AEDPA. Specifically, the CCA's denial of his claims served as an adjudication on the merits. State Habeas Ct. R. -01 at "Action Taken" sheet (ECF No. 14-24); *see* 28 U.S.C. § 2254(d); *see also* *Valdez*, 274 F.3d at 950 (noting that under the AEDPA, there is a deferential standard of review, and a federal court must defer to a state court adjudication on the merits). An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); *see also* Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits.").

This Court must defer to the state court's determinations. Because the state habeas court's rejection of Ferguson's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, he is not entitled to relief.

### III.   Recommendation

For the foregoing reasons, the Court should DISMISS Ferguson's § 2254 petition.

Signed April 28, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)